UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

ITSCHAK MADAR on behalf of himself and
all other similarly situated consumers

        Plaintiff,

 -against-

MERCANTILE ADJUSTMENT BUREAU, LLC

        Defendant.
_____

## CLASS ACTION COMPLAINT

### Introduction

1. Plaintiff, Itschak Madar, brings this action against Mercantile Adjustment Bureau, LLC for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair collection practices while attempting to collect on debts.

### Parties

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Williamsville, New York.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## Jurisdiction and Venue

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## Allegations Particular to Itschak Madar

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about September 14, 2016, Defendant sent the Plaintiff a collection letter.

11. The September 14, 2016 letter stated in part: "The account balance may periodically increase due to the addition of accrued interest as provided in your agreement with the original creditor or as otherwise provided by law."

12. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

13. One such requirement is that the debt collector provide "the amount of the debt." 15 U.S.C. § 1692g(a)(1).

14. A debt collector has the obligation not just to convey the amount of the debt, but to convey such clearly.

15. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or

misleading representation or means in connection with the collection of any debt.

16. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

17. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

18. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

19. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

20. The September 14, 2016 letter failed to inform Plaintiff whether the amount listed is the actual amount of the debt due.

21. The September 14, 2016 letter failed to inform Plaintiff whether the amount listed already includes "accrued interest."

22. The September 14, 2016 letter failed to advise Plaintiff what portion of the amount listed is principal.

23. The September 14, 2016 letter failed to inform Plaintiff whether the amount listed will increase.

24. The September 14, 2016 letter failed to inform Plaintiff if there is accrued "interest," what the amount of the "accrued interest" will be.

25. The September 14, 2016 letter failed to inform Plaintiff if there is "accrued interest," when such interest will be applied.

26. The September 14, 2016 letter failed to inform Plaintiff if there is "accrued interest,"

what the interest rate is.

27. The September 14, 2016 letter failed to inform Plaintiff if there is "accrued interest," the amount of money the amount listed will increase per day.

28. The September 14, 2016 letter failed to inform Plaintiff if there is "accrued interest," the amount of money the amount listed will increase per week.

29. The September 14, 2016 letter failed to inform Plaintiff if there is "accrued interest," the amount of money the amount listed will increase per month.

30. The September 14, 2016 letter failed to inform Plaintiff if there is "accrued interest," the amount of money the amount listed will increase per any measurable period.

31. The September 14, 2016 letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

32. The least sophisticated consumer could reasonably believe that the debt could be satisfied by remitting the listed amount as of the date of the letter, at any time after receipt of the letter.

33. The sophisticated consumer could reasonably believe that the amount listed was accurate only on the date of the September 14, 2016 letter.

34. If interest is continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate the applicable interest rate.

35. If interest is continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate what the amount of the accrued interest will be.

36. If interest is continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate when such interest will be applied.

37. If interest is continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate the amount of money the amount listed will increase at any measurable period.[1]

38. The letter failed to advise Plaintiff that if Plaintiff pays the amount listed, an adjustment may be necessary after Defendant receives payment.

39. The letter failed to advise Plaintiff that if Plaintiff pays the amount listed, Defendant will inform Plaintiff of the balance difference before depositing payment.

40. The Defendant's failures are purposeful.

41. In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendant does not inform the consumer whether the amount listed will increase.

42. Defendant failed to clearly and unambiguously state the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

43. The September 14, 2016 letter would likely make the least sophisticated consumer uncertain as to the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

44. The September 14, 2016 letter would likely make the least sophisticated consumer confused as to the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

45. Defendant's conduct constitutes a false, deceptive and misleading means and representation in connection with the collection of the debt, in violation of 15 U.S.C. § 1692e.

---

[1] Carlin v. Davidson Fink LLP, 852 F.3d 207 (2d Cir. 2017), Balke v. All. One Receivables Mgmt., No. 16-cv-5624(ADS)(AKT), 2017 U.S. Dist. LEXIS 94021, at *14 (E.D.N.Y. June 19, 2017) ("[T]he Collection Letter in this case refers with vagueness to "accrued interest or other charges," without providing any information regarding the rate of interest; the nature of the "other charges"; how any such charges would be calculated; and what portion of the balance due, if any, reflects already-accrued interest and other charges. By failing to provide even the most basic level of specificity in this regard, the Court "cannot say whether those amounts are properly part of the amount of the debt," for purposes of section 1692g.Carlin, 852 F.3d at 216. Further, as set forth in Carlin, without any clarifying details, the Collection Letter states only that these unspecified assessments may be added to the balance due, which the Court finds to be insufficient to "accurately inform[ ] the [Plaintiff] that the amount of the debt stated in the letter will increase over time.")

46. The September 14, 2016 letter can reasonably be read by the least sophisticated consumer to have two or more meanings concerning the actual balance due, one of which must is inaccurate, in violation of 15 U.S.C. § 1692e.

47. Defendant's conduct violated 15 U.S.C. §§ 1692g(a)(1) and 1692e.

48. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

49. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

50. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

51. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

52. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

53. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

54. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

55. These deceptive communications additionally violated the FDCPA since they frustrate

the consumer's ability to intelligently choose his or her response.

56. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

## CLASS ALLEGATIONS

57. This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

58. The identities of all class members are readily ascertainable from the records of Mercantile Adjustment Bureau, LLC and those business and governmental entities on whose behalf it attempts to collect debts.

59. Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of Mercantile Adjustment Bureau, LLC, and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

60. There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

61. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

62. The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

63. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

    (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

    (c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    (d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the

absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

64. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the Fair Debt Collection Practices Act, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

65. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the

Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

66. Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

67. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## CAUSE OF ACTION

**Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.**

68. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered one (1) through sixty seven (67) herein with the same force and effect is if the same were set forth at length herein.

69. This cause of action is brought on behalf of Plaintiff and the members of a class.

70. The class involves all individuals whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about September 14, 2016; and (a) the collection letter was sent to a consumer seeking payment of a personal debt; and (b) the collection letter was not returned by the postal service as undelivered; and (c) the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e and 1692g(a)(1) for the use of any false representation or deceptive means to collect or attempt to collect any debt, for

misrepresenting the amount of the debt owed by Plaintiff and for failing to accurately state the amount of the debt in the initial communication.

## Violations of the Fair Debt Collection Practices Act

71. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

72. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

(a) Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
September 4, 2017

　　　　　　　　　　　　　　　　　　　　　　/s/ Maxim Maximov　　　　
　　　　　　　　　　　　　　　　　　　Maxim Maximov, Esq.
　　　　　　　　　　　　　　　　　　　Attorneys for the Plaintiff
　　　　　　　　　　　　　　　　　　　Maxim Maximov, LLP
　　　　　　　　　　　　　　　　　　　1701 Avenue P
　　　　　　　　　　　　　　　　　　　Brooklyn, New York 11229
　　　　　　　　　　　　　　　　　　　Office: (718) 395-3459
　　　　　　　　　　　　　　　　　　　Facsimile: (718) 408-9570
　　　　　　　　　　　　　　　　　　　E-mail: m@maximovlaw.com

Plaintiff requests trial by jury on all issues so triable.

　　　　　　　　　　　　　　　　　　　　　　/s/ Maxim Maximov　　　　
　　　　　　　　　　　　　　　　　　　Maxim Maximov, Esq.